UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUSSELL MANLEY,

       Plaintiff,

 -v-

WILLIAM M. MAZZUCA, et al.,

       Defendants.

No. 01 Civ. 5178 (RJS)

MEMORANDUM AND ORDER

RICHARD J. SULLIVAN, District Judge:

  Plaintiff Russell Manley moves for permission to join a new defendant to this action. Summary judgment in this action was granted to the original defendants on January 19, 2007, and the case was closed on January 22, 2007. For the reasons given in that opinion, as well as the reasons herein, the motion is DENIED.

I.  FACTS[1]

  At all times relevant to this Memorandum and Order, Plaintiff was an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), housed at the Fishkill Correctional Facility in Beacon, New York ("Fishkill"). On June 29, 1999, Plaintiff suffered cuts on his right thumb and left palm while he was attempting to bend the lid of a tuna fish can into a

---

[1] The following recitation of facts is taken from Judge Karas' summary judgment opinion. *See Manley v. Mazzuca*, No. 01 Civ. 5178 (KMK), 2007 U.S. Dist. LEXIS 4379, at *2 (S.D.N.Y. Jan. 19, 2007). The parties' familiarity with these facts and the procedural history of this case is presumed.

1

shape suitable for slicing an onion. *See Manley v. Mazzuca*, No. 01 Civ. 5178 (KMK), 2007 U.S. Dist. LEXIS 4379, at *2-3 (S.D.N.Y. Jan. 19, 2007). He was taken to the medical department and treated, but continued to be troubled by pain and numbness in his hand. After several medical appointments, Dr. Francis, the attending physician at Fishkill, filed a request for outside consultation. This request was denied by Correctional Physician Services ("CPS"), a vendor contracted by the DOCS to review requests for specialty medical care. Fishkill's computerized record of this request included a comment on the denial which reads, "Why is another follow up being requested?" *Id.* at *7. The denial was reviewed by Dr. Alexis Lang, the DOCS regional medical director, and was upheld on May 3, 2000. No additional requests for outside consultation were made. *Id.* at *6-8. Plaintiff pursued internal grievance processes, the outcome of which was a recommendation that plaintiff directly appeal the denial of consultation to Dr. Lang. On March 21, 2001, Plaintiff sent a letter to Dr. Lang requesting medical treatment for his thumb. While Dr. Lang claimed not to have received the letter, there was no dispute that Dr. Lang "never followed up on Plaintiff's medical treatment." *Id.* at *9 (internal quotations omitted).

II.  PROCEDURAL HISTORY

Plaintiff filed a complaint in 2001, alleging that defendants William Mazzuca, Thomas Eagen, and numerous unidentified officers working in the DOCS Inmate Grievance Program and Division of Health Services ("Defendants") failed to provide him with adequate treatment for a laceration on his right hand. Specifically, Plaintiff claimed that Defendants violated his civil rights by being deliberately indifferent to his serious medical needs and grossly negligent in their treatment of his wounds. Plaintiff sought damages pursuant to 42 U.S.C. § 1983, alleging violations of the

Eighth and Fourteenth Amendments to the United States Constitution. The action, originally assigned to the Honorable Barbara S. Jones, District Judge, was reassigned to the Honorable Kenneth M. Karas, District Judge, on September 28, 2004.

In or around February 24, 2006, Plaintiff requested a pre-motion conference with Judge Karas, pursuant to his Individual Practices, in anticipation of filing a motion to amend the complaint to include Dr. Lang as a defendant. (*See* Pl.'s Letter of Feb. 24, 2006.) On March 13, 2006, the defendants filed a motion for summary judgment. (*See* Docket, Document No. 34, Motion of Mar. 13, 2006.) On April 18, 2006, the court held that briefing and a decision about the proposed amendment to the complaint would be stayed until after the summary judgment motion was decided, because any request to add a new defendant would be obviated by dismissal of the underlying claim. (*See* Docket, Entry No. 44, Conf. of Apr. 18, 2006.)

On January 19, 2007, Judge Karas granted Defendants' motion for summary judgment. *See Manley v. Mazzuca*, No. 01 Civ. 5178 (KMK), 2007 U.S. Dist. LEXIS 4379, at *2 (S.D.N.Y. Jan. 19, 2007). Judge Karas determined that, as a matter of law, Plaintiff could not show that Defendants' refusal to order additional treatment, namely surgery, was unreasonable in light of the evidence available to them. Judge Karas further held that Plaintiff's injuries were not sufficiently serious as to make out a violation of the Eighth Amendment. Finally, the Court held that even assuming *arguendo* that Plaintiff's condition was sufficiently serious as to violate the Eighth Amendment, Plaintiff had not shown that Defendants acted with sufficient intent to violate the Constitution.

On October 25, 2007, this action was reassigned to the undersigned. Plaintiff now moves to join a new defendant, Dr. Lang, to this action.

III. DISCUSSION

Plaintiff argues that under Federal Rules of Civil Procedure 15(a) and 20(a), the requirements for amending the complaint to join Dr. Lang are met, and that Judge Karas' summary judgment decision does not foreclose the amendment. Because Plaintiff's motion to amend is both untimely and futile as a matter of law, the motion must be denied.

A. Untimeliness

"Once judgment is entered[,] the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *National Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir. 1991) (internal quotation marks omitted). In short, Plaintiff "cannot amend a complaint in an action that has already been dismissed." *In re Aquaculture Found. v. Hamel*, 183 F.R.D. 64, 66 (D. Conn. 1998).

Judgment in this case has been entered, and the parties have not filed any motion seeking to vacate the judgment. Even if the Court were to construe the pending motion to amend the complaint as a motion to vacate, there is no basis for such a ruling. First, a motion to amend or alter the judgment under Rule 59(e) must be filed no later than ten days after entry of the judgment. See Fed. R. Civ. P. 59(e). The instant motion was not filed until June 20, 2007, nearly five months after judgment was entered. As such, any motion under Rule 59(e) is untimely. Second, the parties have not pointed to any mistake, oversight, neglect, or newly discovered evidence that would warrant setting aside this judgment under Rule 60, nor have they suggested that there is any other basis to vacate the judgment under Rule 60(b)(6)'s catch-all provision. *See* Fed. R. Civ. P. 60. Without a valid basis to vacate the previously entered judgment, the Court cannot entertain a motion to amend the complaint.

B. Futility

Even if Plaintiff's motion to amend the complaint were deemed to be timely, it must nevertheless fail under the doctrines of futility and law of the case, described below.

1. Standard of Review

Plaintiff seeks to amend the complaint under Rule 15(a), which provides that, once the time for amending a pleading as of right has expired, a party must request leave of court if it wishes to amend a pleading. *See* Fed. R. Civ. P. 15(a). Leave to amend a complaint "shall be freely given when justice so requires." *Id*. In addition, Plaintiff invokes Rule 20(a), which provides that multiple defendants may be joined in one action "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).[2]

Nevertheless, "denial of leave to amend is appropriate where there is a reason to do so, such as bad faith or dilatory motive, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The decision is left to the district court's discretion, which may be exercised more exactly when the motion to amend the complaint is filed after judgment has been entered. *See State Trading Corp.*

---

[2]Plaintiff styles the motion as a motion to conform pleadings to proof by addition and/or joinder of a party defendant. (*See* Pl's Mem. at 1.) A motion to conform pleadings is appropriately brought under Rule 15(b). *See* Fed. R. Civ. P. 15(b). Plaintiff does not, however, cite Rule 15(b) or explain how a post-summary judgment motion would comply with the Rule's requirement that amendments conform to the evidence raised *at trial*. Accordingly, the Court will consider the motion as a motion to amend the complaint under Rule 15(a), which Plaintiff cites and discusses in his motion papers.

*v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) (concluding that district court did not abuse discretion by denying leave to amend complaint after summary judgment had been granted).

An amendment is futile when the proposed new claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Milanese v. Rust-oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001); *see also Twisted Records, Inc. v. Rauhofer*, No. 03 Civ. 2644 (DF), 2005 U.S. Dist. LEXIS 3313, at *21 (S.D.N.Y. Mar. 3, 2005) (noting that the court may deny leave to amend where the claim to be added would fail to state a claim upon which relief may be granted); *Posr v. N.Y. State Court Officer*, No. 96 Civ. 5200 (CLP), 2006 U.S. Dist. LEXIS 13934, at *63-64 (E.D.N.Y. Mar. 13, 2006) (denying motion to amend because plaintiff failed to state a claim for which relief could be granted on "the facts alleged in the proposed amended complaint").

Finally, Judge Karas' previous ruling on the summary judgment motion constitutes the law of this case. The law of the case doctrine posits that, if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case. *Sagendorf-Teal v. County of Rensselaer*, 100 F.3d 270, 277 (2d Cir. 1996). The law of the case doctrine does not constrain the court's jurisdiction to alter its previous findings in certain circumstances, including "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *United States v. Thorn*, 446 F.3d 378, 383 (2d Cir. 2006) (internal quotation marks omitted). The doctrine, however, "directs a court's discretion," *Arizona v. California*, 460 U.S. 605, 618 (1983), and dictates a general practice of refusing to reopen what has already been decided, *see Wright v. Cayan*, 817 F.2d 999, 1002 & n.3 (2d Cir. 1987) (holding that

6

law of the case doctrine applies even after reassignment of case from one judge to another). The doctrine ensures that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (internal quotation marks omitted); *see also Spinelli v. Sec'y of the DOI*, No 99-CV-8163 (JFB), 2006 U.S. Dist. LEXIS 76129, *25 (E.D.N.Y. Oct. 19, 2006).

2. Analysis

The original complaint alleged that Defendants violated Plaintiff's Eighth and Fourteenth Amendment rights by being deliberately indifferent to his serious medical needs and grossly negligent in their treatment of his wounds, and sought damages pursuant to 42 U.S.C. § 1983. In order to maintain a § 1983 action, two essential elements must be present: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *accord Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). The Eighth Amendment, which applies to states under the Due Process Clause of the Fourteenth Amendment, guarantees freedom from cruel and unusual punishment. The Eighth Amendment "imposes a duty on prison officials to ensure that inmates receive adequate medical care." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). In *Salahuddin*, the Second Circuit explained that there were two conditions that must be met to show that a prison official has violated this duty and violated a prisoner's Eighth

Amendment rights. *Id*. First, the deprivation of care must be "sufficiently serious." *Id*; *see also Farmer*, 511 U.S. at 825. Second, the prison official involved must have acted with a "sufficiently culpable state of mind." *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). This is satisfied by a showing that the official acted with "deliberate indifference" toward Plaintiff's health, a state of mind akin to criminal recklessness. *Id.*; *see also Farmer*, 511 U.S. at 839-40.

In Judge Karas' summary judgment decision, he concluded that there was no deprivation of the rights, privileges, or immunities secured by the Constitution or laws of the United States in this case. While acknowledging the inconvenience and suffering that the plaintiff had sustained, Judge Karas nevertheless held that "Plaintiff's failure to receive surgery is not sufficiently serious to constitute a deprivation of his Eighth Amendment rights, and he cannot show that any Defendants were deliberately indifferent to his medical needs." *Manley*, 2007 US Dist. LEXIS 4379, at *32. In short, the deprivation of care at the heart of Plaintiff's claim is not a Constitutional violation and therefore is not actionable under the law of this case.

Plaintiff does not propose to amend the complaint to pose a new theory of liability or to allege new facts. Nor does Plaintiff allege that there was an intervening change of controlling law, new evidence, clear error, or manifest injustice so as to warrant a reversal of the law of the case. Instead, Plaintiff submits that Dr. Lang acted as a medical professional as well as an administrator in this action, thus differentiating her from the originally named defendants. (*See* Pl.'s Memo. at 17.) Plaintiff further argues that Dr. Lang's role in the alleged violation constitutes personal involvement for purposes of Plaintiff's claim of violation of his constitutional rights under § 1983. (*Id.*)

Both arguments fail, because they do not affect the core question of whether Mr. Manley's Eighth Amendment rights were violated in the first place. In other words, because there was no

8

violation of Plaintiff's rights, Plaintiff's allegations regarding Dr. Lang's medical expertise and personal involvement will not, as a matter of law, suffice to establish a viable claim under § 1983. Indeed, the plaintiff plainly acknowledges that any claims against Dr. Lang would arise from the same facts as the claims against the original defendants. (*See* Pl.'s Mem. of Law at 14.) Under the law of this case, these facts do not establish an Eighth Amendment violation.

Thus, even if Dr. Lang were added as a defendant, Judge Karas' decision limits the claims that Plaintiff can bring against Dr. Lang in this case. Judge Karas was squarely presented with the question of whether Plaintiff had made out a viable Eighth Amendment violation. He concluded that Plaintiff had failed to meet that standard. *See Manley*, 2007 US Dist. LEXIS 4379, at *32. That ruling applies with equal force to Dr. Lang. *See also Stichting Ter Behartiging Van De Belangen Van Oudaandeelhouders in Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber*, 407 F.3d 34, 44 (2d Cir. 2005) ("[A] district court's discretion to reconsider its own decisions is limited" in cases where the court previously was "squarely presented with the question"); *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 94 (2d Cir. 2005) ("[C]ourts are understandably reluctant to reopen a ruling once made, especially when one judge or court is asked to consider the ruling of a different judge or court") (internal quotation omitted). Given the clear holding of Judge Karas' summary judgment order, the motion to amend the complaint is plainly futile.

IV. CONCLUSION

For the reasons set forth above and in Judge Karas' prior decision, Plaintiff's request to amend the complaint is therefore DENIED. The Clerk of the Court is directed to terminate the motion entered at Document # 62.

9

SO ORDERED.

Dated:     November 30, 2007
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

Copies of this Order will be mailed to:

Constance Elaine Arabatzis
Dickstein Shapiro LLP (NY)
1177 Avenue of the Americas
New York, NY 10036

John E. Knudsen
Attorney General of the State of New York
120 Broadway
New York, NY 10271